ISABEL CARMEN LLAMBÍAS, Appellant, *v.* REGISTRAR OF PROPERTY OF AGUADILLA, Respondent.

No. 1068.  Submitted May 1, 1940.—Decided May 6, 1940.

*Gaspar Gerena Bras* for appellant.  The registrar · appeared by brief.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

A certain piece of urban property located in Lares was judicially sold for nonpayment of taxes due to The People of Puerto Rico.  The property in question was subject to a mortgage executed to the Banco Industrial de Puerto Rico which was at the time under judicial administration.  Prior to the record of the sale certificate which was issued on

March 4, 1939, in the name of Antonio Alcover Pol, the afore-said mortgage had been recorded in favor of The People of Puerto Rico to which it had been conveyed by the Banco Industrial de Puerto Rico.

As stated by the registrar when recording the sale certificate in the name of Alcover, the record was entered with the curable defect that no mention was made in the distress proceedings of the name of the natural person who, as the agent of Suau, Fiol & Co., was served with notice of the proceedings, nor of the name of the receiver of the creditor bank, upon whom identical notice was served as the mortgagee.

Alcover, as purchaser, failed to appeal from the decision of the registrar or take any steps tending to supply the defect indicated. Subsequently, by deed No. 26, executed March 14, 1940, before Notary Salvador Vilella, Alcover sold the property in question to Isabel Carmen Llambías, and upon the latter recording her title the registrar entered at the foot of the instrument the following ruling:

"This instrument is registered on folio 187 of volume 81 of Lares, estate No. 550, 13th record, subject to the curable defect of the failure to state the names of the persons who as the agents of the firm of Suau, Fiol & Co. and as receiver of the Banco Industrial of P. R., were served with notice of the public auction sale whereby the spouses Alcover Bauzá, the vendors, acquired the estate, as set forth on the preceding 12th record. The estate is subject to a mortgage executed in favor of the above firm and now conveyed to the Treasurer of Puerto Rico for $15,926.93 as capital, $1,500 of which being secured by the estate the subject matter of this instrument: and to a notice of complaint entered in favor of Francisco Bauzá on the margin of said record 12.—Aguadilla, March 28, 1940."

The present appeal was taken by the woman Llambías who prays that the decision be reversed, that the record be ordered without the curable defect and that the record of the mortgage be canceled.

The appellant fails to allege any ground for a reversal of the decision as to the curable defect. On the contrary, it appears from the transcript of the record that the decision of the registrar had been consented to by the former owner.

In respect of the cancellation of the mortgage it is alleged that, as The People of Puerto Rico is the holder of the mortgage and as the estate has been sold by The People of Puerto Rico in the distress proceedings, it was unnecessary to serve notice on the People as creditor, as the People was at the same time vendor as well as creditor, and this made it unnecessary to notify itself as to a proceeding instituted by the People itself.

Section 315 of the Political Code provides that in all cases where real estate is attached and sold for the payment of taxes the Treasurer of Puerto Rico shall notify all persons having a mortgage or other lien on said property of the record of such sale and shall enter on such notice the date of the sale, the amount for which the estate was sold and such other facts as he may deem advisable. And section 348 of the above statute provides that the right of redemption granted to the owner of real property, his heirs or any person having any right or interest therein, may redeem the same within the period of one year from the date of the certificate of purchase.

The appellant would be right as to that which concerns The People of Puerto Rico, if the conveyance of the mortgage had taken place before the sale certificate had been issued, for, the People of Puerto Rico being then the holder of the mortgage, it would not have been necessary for it to notify itself of a proceeding that was being had in its name. However, it appears from the record that the conveyance was made subsequent to the issuance of the sale certificate, as, otherwise, the service of notice on the Banco Industrial through its receiver would not have been sought. If indeed the Banco was notified through its receiver then

the proceeding as to the Banco is valid and at the expiration of one year from the issuance of the sale certificate the purchaser's title free from the mortgage would have become perfected, provided no advantage had been taken of the right of redemption within such year. If the Banco had not been actually notified because the person sought to be served was not its lawful agent, then the mortgage right stands and by acquiring the same The People of Puerto Rico subrogated itself to the very same rights of its assignor, the Banco Industrial.

In *Moraza* v. *Registrar,* 45 P.R.R. 804, 807, this court said that the collector of internal revenue should not have issued the certificate in question until all the requisites prescribed by law had been complied with, including service of the notice of the sale on the owner, his heirs, or assigns, or on any other person having a right or interest in the property, so that the right of redemption may have been availed of by the interested parties at the proper time. In the case at bar, however, as stated in the tax sale certificate, notice was served both on the owner and on the mortgagee, and it still remains to be shown if indeed the notice was valid, because the names of the agents of the owner and of the mortgagee, respectively, had not been stated.

In our opinion the validity of the tax sale certificate depends on whether the particulars to which the decision of the registrar refers are shown, and so long as such particulars are not proven, the appeal must be dismissed and the decision appealed from affirmed.